

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Joe Nelson
Chief Accountant
Board of County and District Road Indebtedness
Highway Building
Austin, Texas

Dear Sir:

Opinion No. O-6706
Re: Under the given facts should
the bonds of Red River County
that were used in the con-
struction of the road in
question continue to participate
in the County and Road District
Highway Fund?

     This in reply to your request for an opinion dated
July 13, 1945, which we quote as follows:

     "On April 19, 1920, the State Highway Commis-
sion designated a road as State Highway No. 43, a
section of which ran from Boxelder to Annona in Red
River County. This highway was abandoned by the State
Highway Department in 1930, and from 1930 until 1942
was a county road and was under the jurisdiction of
the county commissioners' court.

     "Red River County applied to this Board for aid
in the payment of the bonds that were used in the con-
struction of the road from Boxelder to Annona and this
Board granted the aid under Section 6 of the 'Bond
Assumption Act,' which states '___ or any road that
heretofore has constituted a part of said System and
which had been or may be changed, relocated or aban-
doned, whether said indebtedness is now evidenced by
the obligation originally issued or by refunding ob-
ligations or both.' Under this section of the law the
bonds of Red River County have been participating in
the County and Road District Highway Fund since 1933.

     "In April, 1942, the State Highway Department
designated this section of road as a Farm-to-Market

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Highway. Prior to this designation Red River County
entered into a contract with the State Highway De-
partment which reads in part as follows: 'Based upon
such consideration and benefit to the county involved,
it is mutually agreed that previous expenditures by the
county, whether by cash, bonds, or warrants, are not
expected to be assumed by the State and paid in any
manner from revenues derived from the gasoline tax.'

"For your consideration we are enclosing a copy
of this contract, together with a copy of the minute
designating this road as a Farm-to-Market Highway.

"In view of this contract entered into between
the State Highway Commission and Red River County we ask
that you please advise us whether or not in your opinion,
the bonds of Red River County that were used in the con-
struction of this road should continue to participate in
the County and Road District Highway Fund.

"In May, 1943, the Forty-Eighth Legislature enacted
Senate Bill 348, which authorized the State Highway De-
partment to designate Farm-to-Market Highways provided
the counties waive any rights their bonds might have for
participation in the County & Road District Highway Fund.
The State Highway Department and the several counties are
now entering into agreements as provided by Senate Bill
348 before any road is designated as a Farm-to-Market
Highway. We are enclosing a copy of this agreement.

"Some of the roads now being designated as Farm-
to-Market Highways are roads that have previously been
designated as State Highways and were later abandoned.
As these roads were, at one time, on the State System
the counties applied for and are now receiving state aid
on the bonds that were used in the construction of these
roads. As these counties have signed an agreement with
the State Highway Department, as provided in Senate Bill
348, we ask that you please advise us whether or not
these bonds should continue to participate in the County
and Road District Highway Fund."

The only statute necessary to construe in answering your inquiry is the provisions of Chapter 244, Acts 48th Legislature, Regular Session, 1943, which we quote as follows:

"Section 1. The State Highway Commission is authorized to designate any county road in the state as a farm-to-market road for purposes of construction, reconstruction, and maintenance only, provided that the Commissioners Court of the county in which any such county road is located shall pass and enter in its minutes an order waiving any rights such county may have for participation by the state in any indebtedness incurred by the county in the construction of such county road, and provided further that the State Highway Commission and the Commissioners Court of the county in which any such road is located may enter into a contract that shall set forth the duties of the state in the construction, reconstruction, and maintenance of the county road in consideration of the county and/or road district relinquishing any and all claims for state participation in any county, road district, or defined road district bonds, warrants, or other evidences of indebtedness outstanding against such road for the construction or improvement of the road before being designated by the State Highway Commission.

"Sec. 2. It is hereby declared to be the policy of the state that the assumption by the state of the obligation to construct and maintain such roads designated by the State Highway Commission as farm-to-market roads under the provisions of this Act constitutes full and complete compensation for any and all funds that might have been expended by any county, road district, or defined road district in the construction and maintenance of said road prior to its designation by the State Highway Commission as a farm-to-market road.

"Sec. 3. This Act shall be cumulative of all other laws on this subject, but in the event of a conflict between the provisions of this Act and any other Act on this subject, the provisions of this Act shall prevail.

"Sec. 4. Emergency clause."

Honorable Joe Nelson, page 4

According to your letter, the contract between the State Highway Commission and Red River County was entered into during the year 1942, and prior to the effective date of Chapter 244, above quoted.

We have examined the statutes relating to the powers and duties of the State Highway Commission and Commissioners' Courts, and we have been unable to find any statute authorizing the contract that was in effect during the year 1942. It is fundamental that the Commissioners' Courts and the State Department can only perform those duties and enter into contracts that are authorized by the Constitution and/or statutes of this State. The Supreme Court of Texas in the case of City of Big Spring v. Ward, 169 S. W. (2d) 151, 153, stated:

"It was early announced in Ellis v. City of Cleburne, (Tex. Ct. Civ. App.) 35 S. W. 495, error refused, that there must be authority of law for the contract of a municipal corporation, and to give it validity such authority must exist when the contract was made and if it does not then exist, the contract cannot thereafter be ratified."

It is fundamental that a county commissioners' court or a state department can perform only those duties and enter into valid contracts except when authorized to do so by the Constitution and statutes of this State. City of Big Spring v. Ward, 169 S. W. (2d) 151; Potter County v. Slaughter Cattle Company, 254 S. W. 775.

Since the contract was executed by Red River County and the State Highway Commission prior to the enactment of Chapter 244, supra, and in view of the authorities cited above, we are of the opinion that the bonds of Red River County that were used in the construction of this road should continue to participate in the County and Road District Highway fund, unless or until a new contract is executed as authorized by Chapter 244.

Under the provisions of Chapter 244 the State Highway Commission is authorized to designate farm-to-market roads provided "the commissioners' court of the county in which any such county road is located shall pass and enter in its minutes an order waiving any rights such county may have for participation by the state in any indebtedness incurred by the county in the construction of such county road."

As we construe the statute, the county must first relinquish or waive any right that it may have to participate in the County and Road District Highway Fund, therefore, if a county should enter into a contract with the State Highway Commission as authorized by Chapter 244, said county is not entitled to participate in said County and Road District Highway Fund, insofar as its county roads have been designated as farm-to-market roads.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

R. J. Long
Assistant

RJL:EP

FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN